104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy Karina ROSALES-PACHECO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Ahp-vgx-fhd.
 BIA
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Karina Rosales-Pacheco, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order denying her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "evidence [that is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We review credibility findings under the substantial evidence standard. Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996).
 
 
 4
 Rosales-Pacheco contends that the IJ's adverse credibility finding is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Rosales-Pacheco must show that she has a well-founded fear of persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). She must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation and citation omitted).
 
 
 6
 Rosales-Pacheco premises her claim to asylum on an incident relating to her work as an office secretary for a local union. Rosales-Pacheco alleges that two unarmed, masked men came to her home, slapped her in the face, and asked her why the union was striking. Rosales-Pacheco claims to fear persecution at the hands of these men based on the political opinion imputed to her because of her work for the union.
 
 
 7
 Because the BIA adopted the IJ's credibility determination we review the IJ's decision. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." Osorio, 99 F.3d at 931 (internal quotations omitted).
 
 
 8
 Here, substantial evidence supports the IJ's determination that Rosales-Pacheco failed to present credible, direct, and specific evidence to support a well-founded fear of future persecution. See Prasad, 47 F.3d at 339-40. Because Rosales-Pacheco served as the union secretary and had access to the membership list, the IJ found it incredible that Rosales-Pacheco could not provide basic information about the union, such as the number of members and the names of those members who Rosales-Pacheco claimed had been killed by the military. Moreover, because she could not point to any specific incident when any other union member was targetted by the military, the IJ disbelieved Rosales-Pacheco's testimony that the military would be interested in her, especially since she did not occupy a high-ranking position in the union. Because the IJ provided specific and cogent reasons for disbelieving Rosales-Pacheco's testimony, substantial evidence supports the IJ's conclusion that Rosales-Pacheco was not credible. See Osorio, 99 F.3d at 931.
 
 
 9
 Even if Rosales-Pacheco had established her credibility, substantial evidence supports the IJ's conclusion that she could not establish a well-founded fear of persecution. Although Rosales-Pacheco believes that the men who accosted her belonged to the Guatemalan military, she offered no evidence to support this conclusion other than the fact that the men wore green clothing. See Mendoza-Perez v. INS, 902 F.2d 760, 761 (9th Cir.1990) (holding that persecution must be inflicted by the government or by individuals or organizations which the government is unable or unwilling to control).
 
 
 10
 In light of the record, we conclude that Rosales-Pacheco failed to produce any credible, direct, and specific evidence that would compel a reasonable factfinder to conclude that she possessed a well-founded fear of persecution. See Prasad, 47 F.3d at 340. Moreover, because Rosales-Pacheco failed to meet the lower standard required to obtain asylum, we affirm the IJ's decision denying her application for withholding of deportation. See id.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of their circuit except as provided by 9th Cir.R. 36-3